**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **JTH TAX, LLC d/b/a LIBERTY TAX SERVICE** | § | |
| | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. 2:23cv355** |
| | § | |
| **LOWENSKY CORTORREAL; RAMON CORTORREAL; and THE EAGLES TEAM LLC** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

**THE EAGLES TEAM**
**ORIGINAL ANSWER**
**TO AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Defendant The Eagles Team ("Eagles") files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Injunctive Relief and Damages (the "Complaint") and respectfully shows the Court as follows:

**I**.

Plaintiff is *judicially estopped* from pursuing this claim because Plaintiff successfully, and not inadvertently, maintained a prior inconsistent position in the bankruptcy proceeding involving Plaintiff and this claim was not listed or scheduled in that proceeding.

**II**.

This case should be dismissed because Plaintiff has *failed to join necessary and indispensable parties* to this case. The Franchise Agreements and Promissory Notes forming the basis of Plaintiff's claims were entered into and signed by two non-party individuals and not by any of the named Defendants. Complete relief cannot be granted to Plaintiff or to Defendants in the absence of these individuals and Defendants are subject to a substantial risk of incurring liability for matters which are the responsibility of others.

**III**.

Defendant's performance under any applicable contract (which applicability is denied) is *excused* because Plaintiff has *unclean hands* AND is *equitably estopped* from enforcing any applicable contract or collecting on the Notes, as such enforcement or collection would be *unconscionable* due to Plaintiff's superior bargaining power and predatory lending practices which *frustrated the purposes* of the Franchise Agreements which made performance *impossible*.

**IV.**

Plaintiff is estopped from pursuing the claims in its Complaint by reason of its own failures and course of conduct.

**V.**

The contracts and Notes that are the subject of this suit are not supported by *consideration* and there is a *failure of conditions precedent* to enforcement of any alleged obligations.

**VI**.

Plaintiff must take reasonable steps to mitigate damages, if any, and any damages must be reduced by any monetary or other damage that Plaintiff could have avoided by pursuing its actual franchisees and makers of the Promissory Notes that are the subject of the Complaint.

**VII.**

**SPECIFIC ADMISSIONS OR DENIALS**

Pleading further, if necessary and without waiving the foregoing defenses, Eagles admits or denies Plaintiff's specific allegations in the corresponding paragraphs in the Complaint, as follows.

1. Eagles admits that R. Cortorreal was once affiliated with a Liberty franchise and that he entered into an agreement terminating the relationship.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Eagles admits that Liberty is seeking the relief listed in Paragraph 6. Eagles denies all of the implications of wrongdoing by Lowensky and Ramon and Eagles Team contained in Paragraph 6 and denies that the relief sought by Liberty is necessary, possible or deserved.

7. Eagles admits that Liberty is a Delaware limited liability company. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. On information and belief, Eagles admits the allegations in Paragraph 10 of the Complaint.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Eagles admits that the United States District Court for the Northern District of Texas determined that this Court is the proper Venue for this case. Eagles denies the remaining allegations in Paragraph 15 and denies that this Court "has personal jurisdiction over any of the Defendants.

16. Denied. Eagles challenged the sufficiency of Plaintiff's DTSA claim. Eagles denies that it has violated Plaintiff's rights under the DTSA or any applicable agreement and denies that Plaintiff can prove such a violation or breach. Therefore, there is no federal question to support pendent jurisdiction of the state law claims.

17. Admitted.

18. Eagles admits that tax season is probably Liberty's busiest time. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 18.

19. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Eagles admits that Liberty owns trade secrets. Eagles denies that all of the items listed in Paragraph 20 are secret or confidential or not generally known.

21. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 21, as Eagles has not reviewed Liberty's contracts with all of its franchisees.

22. Denied.

23. Eagles denies that Lowensky is or was a Liberty franchisee.

24. Eagles denies that Lowensky is or was a Liberty franchisee.

25. Admitted.

26. Denied.

27. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

28. Eagles denies that Liberty granted Lowensky a license of any sort and denies that Lowensky received information because of a franchise agreement with Liberty and denies that all of the information made available to Liberty franchisees is not otherwise publicly available or known to Eagles.

29. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

30. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

31. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

32. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

33. Denied. Eagles denies that Lowensky is or was a Liberty franchisee. Eagles further denies that Lowensky agreed to any covenant not to compete with Liberty and/or that he retained any "confidential Operations Manual." Eagles further denies that Lowensky is using Liberty's Confidential Information and that he owes any money to Liberty.

34. Denied. Eagles denies that Lowensky is or was a Liberty franchisee. Eagles further denies that Lowensky agreed to any covenant not to compete with Liberty and/or that he retained any "confidential Operations Manual.

35. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

36. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

37. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

38. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

39. Denied. Eagles denies that Lowensky is or was a Liberty franchisee.

40. Eagles admits that the Franchise Agreement contains a liquidated damages provision. Eagles denies that it applies to Lowensky or to any of the Defendants and denies that Lowensky is or was a Liberty franchisee.

41. Eagles admits that the Franchise Agreement contains such a provision. Eagles denies that it applies to Eagles.

42. Eagles admits that the Franchise Agreement contains such a provision. Eagles denies that it applies to Eagles. Eagles admits that Ramon is a former franchisee of Liberty and denies the implication that he has violated any agreement with Liberty or used any of Liberty's information in connection with the business of Eagles.

43. Eagles admits that the Franchise Agreements contain a choice of law provision and denies that Eagles is subject to the Franchise Agreements and/or that Virginia law applies to the various causes of action asserted in the Complaint against Eagles.

44. Eagles admits that Exhibit C appears to be the representation of a promissory note entered into by non- parties to this case.

45. Denied.

46. Denied.

47. Eagles admits that Exhibit E appears to be the representation of a promissory note entered into by non- parties to this case. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 47.

48. Denied.

49. Eagles admits that Exhibit F appears to be the representation of a promissory note entered into by non- parties to this case. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 49.

50. Denied.

51. Eagles lacks sufficient information to admit or deny whether interest is accruing on the "Notes."

52. Eagles lacks sufficient information to admit or deny the aspects of any agreement made by Melgar and Alamo.

53. Eagles denies that Lowensky owned a franchise. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 53

54. Eagles admits that the verbiage recited in Paragraph 54 appears. Eagles denies that any terms of the Meta Note apply to any of the Defendants.

55. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 55.

56. On information and belief, because this suit has been filed, Eagles admits the allegations in Paragraph 56 of the Complaint.

57. Eagles denies that Lowensky breached any agreement with Liberty, and denies that Liberty sent Lowensky a Termination Notice.

58. Denied.

59. Eagles denies that Lowensky owes any debts to Liberty and specifically denies that Lowensky is subject to the "Termination Notice."

60. With respect to Paragraph 60 of the Complaint, Eagles admits that R. Cortorreal formed Eagles Team, denies that R. Cortorreal had any existing relationship or post termination duties to Liberty, denies that Eagles had any non-compete obligations to Liberty, denies that "Liberty's customers" were solicited and denies that any of the Defendants used Liberty's Confidential Information.

61. Eagles denies that Lowensky and/or Ramon used Liberty's Confidential Information.

62. Eagles denies that the supposed Google review appearing in Paragraph 62 demonstrates anything.

63. Eagles admits that Paragraph 63 contains a representation of R. Cortorreal's business card, denies that the described terminated Liberty franchise belonged to Lowensky, denies that R. Cortorreal is subject to any post termination obligations to

Liberty and denies that any activities of R. Cortorreal can be attributed to Lowensky or to Eagles. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 63 of the Complaint.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Eagles admits that Liberty claims that it is owed "accounts receivable debts," admits that Lowensky has not paid these amounts and denies that Lowensky is obligated to pay these amounts.

70. Denied.

71. Eagles is not required to respond to the cumulative allegations in Paragraph 71.

72. Denied.

73. On information and belief, the allegations in Paragraph 73 are denied.

74. Denied.

75. Eagles denies that such obligations exist.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Eagles denies that Lowensky has engaged in wrongful conduct and denies that Lowensky has “post-termination obligations under the Franchise Agreements.”

81. Eagles is not required to respond to the cumulative allegations in Paragraph

82. Denied.

83. On information and belief, the allegations in Paragraph 83 are denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Eagles is not required to respond to the cumulative allegations in Paragraph 89.

90. Paragraph 90 contains contentions of law about which Eagles is not required to respond.

91. Eagles denies that all of the information that Liberty defines as Confidential is owned by Liberty or is not publicly available. On information and belief, Eagles admits the remaining allegations in Paragraph 91.

92. Eagles denies that any and all information allegedly provided to or used by Defendants implicates interstate commerce.

93. Eagles denies that all of the alleged "Confidential Information" is not readily ascertainable by the public. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 93.

94. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 94.

95. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 95.

96. Eagles denies that all of the alleged "Confidential Information" is not readily ascertainable by the public. Eagles lacks sufficient information to admit or deny the remaining allegations in Paragraph 96.

97. Eagles denies that all of the alleged "Confidential Information" is not readily ascertainable by the public. Paragraph 97 contains contentions of fact and law about which Eagles is not required to respond.

98. Eagles denies that all of the alleged “Confidential Information” is not readily ascertainable by the public. Eagles admits that Liberty designates much information as confidential and has a pattern of suing people and using the courts for Liberty’s purposes.

99. Eagles denies that all of the alleged “Confidential Information” is not readily ascertainable by the public and/or was not already known by or available to Eagles. Eagles denies that Lowensky was a Liberty franchisee.

100. Eagles denies that all of the alleged “Confidential Information” is not readily ascertainable by the public. Eagles admits that Liberty designates much information as confidential that Liberty does not actually own and Liberty has a pattern of suing people and using the courts for Liberty’s purposes, including causing further financial harm to its franchisees.

101. Eagles denies that Lowensky was a party to any “Termination Agreements.”

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Eagles is not required to respond to the cumulative allegations in Paragraph 107.

108. Denied.

109. Denied.

110. Denied.

111. Eagles denies that it was provided with protectable Confidential Information and denies the allegation that it used or disclosed any such information.

112. Eagles denies that it possesses or has been enriched by Liberty's Confidential Information. Eagles further denies that it has engaged in unlawful competition. Consequently the remaining allegations in Paragraph 112 are denied.

113. Denied.

114. Denied.

115. Eagles is not required to respond to the cumulative allegations in Paragraph 115.

116. Paragraph 116 contains contentions of law to which Eagles is not required to respond.

117. Eagles lacks sufficient information to admit or deny the allegations in Paragraph 117.

118. Admitted that the Eagles Team had no agreement with or obligation to Liberty. Eagles denies that it has used any property of Liberty.

119. Denied. Neither L. Cortorreal nor R. Cortorreal was a party to the Franchise Agreements at issue in this case.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Eagles is not required to respond to the cumulative allegations in Paragraph 124.

125. Denied.

126. Denied.

127. Denied that L. Cortorreal was a franchisee of Liberty. Admitted that R. Cortorreal is a former Liberty franchisee and denied that R. Cortorreal is or was aware of all of the terms of the Franchise Agreements at issue in this case.

128. Eagles lacks sufficient information to admit or deny the allegation in Paragraph 128.

129. Denied.

130. Denied.

131. Denied.

**PRAYER FOR RELIEF**

Defendant Eagles Team LLC requests that the Court enter its judgment that Plaintiff JTH Tax LLC d/b/a Liberty Tax Service take nothing by this suit, that all costs be assessed against Plaintiff and that the Court grant Defendant such other and further relief to which he may be entitled.

DATED this 12 day of September, 2024.

Respectfully submitted,

**DICKINSON & WHEELOCK, P.C.**

*s/ Jeffrey W. Wheelock*__________
Jeffrey W. Wheelock
Attorney in Charge
Texas State Bar No. 21265350
jwheelock@dwlegal.com

Christie J. Condara
Texas State Bar No. 04656285
ccondara@dwlegal.com
1001 S. Dairy Ashford Rd, Suite 375
Houston, Texas 77077
(713) 722-8118
(713) 722-7003 – Fax

**FURNISS, DAVIS, RASHKIND & SAUNDERS, P.C.**

**/s/***James A. Cales III*
James A. Cales III
Virginia State Bar No. 41317
jcales@furnissdavis.com
Jonathan R. Hyslop
Virginia State Bar No.78618
jhyslop@furnissdavis.com
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
Telephone (757)461-7100
Facsimile (747)461-0083

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing and service pursuant to Fed. R. Civ. P. 5 on September 12, 2024 to all counsel of record.

**/s/***James A. Cales III*
James A. Cales III
Virginia State Bar No. 41317